IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

BOARD OF TRUSTEES,

Plaintiff,

v.

ILA LOCAL 1740, AFL-CIO,

Defendant.

CIV. NO. 18-1598 (SCC)

**OPINION AND ORDER**

On June 13, 2022, the Court granted the Board of Trustees' motion for summary judgment. Docket No. 156. We also stated that we did not yet have the information we need to award damages and thus ordered the Board to file a damages memorandum and Local 1740 to respond to it. *Id.* at 54–55. On July 13, Local 1740 filed a notice of appeal regarding that opinion and order. Docket No. 161. And, on August 1, it moved to stay these proceedings pending resolution of its appeal or, alternatively, for an extension of time of five business days to file its response to the Board's damages memorandum. Docket No. 164. Because Local 1740's notice of appeal is defective, it asks for an immoderately lengthy stay,

and it has shown no clear hardship in being required to move forward, we deny its motion insofar as it seeks a stay. But we grant its motion in part insofar as it seeks an extension of time.

Local 1740 says that its notice of appeal divested us of jurisdiction. *Id.* at 2. That is incorrect. To be sure, generally "once a notice of appeal is filed, the district court is divested of 'authority to proceed with respect to any matter touching upon, or involved in, the appeal.'" *United States v. George*, 841 F.3d 55, 71 (1st Cir. 2016) (quoting *United States v. Brooks*, 145 F.3d 446, 455 (1st Cir. 1998)). But "a district court can proceed, notwithstanding the filing of an appeal, if the notice of appeal is defective in some substantial and easily discernible way (if, for example, it is based on an unappealable order)." *Brooks*, 145 F.3d at 456.

Local 1740's notice of appeal is clearly defective because our opinion and order determined only liability—not damages. An order is "final and appealable when the court enters a decision resolving the contested matter, leaving nothing to be done except execution of the judgment." *Mullen*

*v. St. Paul Fire & Marine Ins. Co.*, 972 F.2d 446, 450 (1st Cir. 1992). Here, we still must award damages. *See Mullen*, 972 F.2d at 450 (stating an order that "adjudicates only liability and not damages . . . is not a final order, [because] it cannot be said to 'resolve the contested matter, leaving nothing to be done except execution of the judgment.'" (quoting *Domegan v. Fair*, 859 F.2d 1059, 1062 (1st Cir. 1988))). Because we have much more to do than enter judgment, Local 1740's notice of appeal is defective. So it has not divested us of jurisdiction.

Local 1740 asks the Court next to stay these proceedings until the First Circuit resolves its appeal. Docket No. 164, pg. 3. Federal district courts have the inherent power to stay litigation "when the efficacious management of court dockets reasonably requires such intervention." *Marquis v. FDIC*, 965 F.2d 1148, 1154 (1st Cir. 1992). But there are limits to this power. There must be good cause to issue a stay, its duration must be reasonable, and a court must "ensure that competing equities are weighed and balanced." *Id.* And if there is a danger that the stay will damage the other party, the

party that desires the stay "must demonstrate a clear case of hardship" in being required to move forward. *Austin v. Unarco Indus.*, 705 F.2d 1, 5 (1st Cir. 1983); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) ("[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."). The first problem with issuing a stay here is that the Court cannot craft one of reasonable duration because we cannot predict how long it will take the First Circuit to resolve Local 1740's appeal. As the Supreme Court has said, a stay is "immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits." *Landis*, 299 U.S. at 257. The second problem is that there is a danger that the stay will damage the Board (who is litigating on behalf of the pension fund's beneficiaries). Thus, Local 1740 "must demonstrate a clear case of hardship" in being required to move forward. *Austin*, 705 F.2d at 5. The damage to the Board and the pension fund's beneficiaries is "the

financial hardship of being forced to wait for an undefined but potentially lengthy period before receiving the money to which [they] may be entitled." *Id.* Local 1740 has shown no clear hardship. So even if judicial economy does, as Local 1740 says, weigh in favor of staying this case, we cannot craft a stay of reasonable duration and Local 1740 has not met its burden to show a clear hardship if required to move forward.

That brings us to Local 1740's final request: another five business days (or until August 10) to file its response to the Board's damages memorandum. The last time we granted it an extension of time to file its response, we told it not to expect another absent extraordinary circumstances. Docket No. 160. The so-called extraordinary circumstance that it offers up now is that it filed a notice of appeal. Docket No. 164, pg. 3 ("While Defendant is cognizant that the Court stated that Local 1740 'should not expect another extension of time absent extraordinary circumstances,' (Docket No. 160), said Order was issued before the Defendant filed its Notice of Appeal."). But it decided to file a notice of appeal, and that

notice is defective. Thus, it has not shown any extraordinary circumstances warranting an extension of time. The Court will nonetheless grant Local 1740 an extension of time until Monday, August 8, 2022, to file its response to the Board's damages memorandum.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of August 2022.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE